PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED

JAN 03 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
__Houston__ DIVISION

__Anthony Ortiz #753367__
Plaintiff's Name and ID Number

__LeBlanc Unit, 3695 FM 3514, Beaumont, Texas - 77705__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__University of Texas Medical Building, 301 University Blvd., Galveston, Texas - 77555-1207__
Defendant's Name and Address

__Norma Mason, Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868__
Defendant's Name and Address

__NDI Chukwumerije, Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868__
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit: 11-07-17
        2. Parties to previous lawsuit:
           Plaintiff(s) Anthony Ortiz #753367
           Defendant(s) Lorie Davis, Robert Herrera, Donald Bilnoski, T.D.C.J.
        3. Court: (If federal, name the district; if state, name the county.) Southern District
        4. Cause number: 4:16-CV-03555
        5. Name of judge to whom case was assigned: Vanessa D. Gilmore
        6. Disposition: (Was the case dismissed, appealed, still pending?) Still pending
        7. Approximate date of disposition: Do not Know

I. Previous Lawsuits

   A. Yes

   B.

      1. 3-3-17

      2. Plaintiff, ANTHONY ORTIZ #753367

         Defendants: Lorie Davis, Robert Herrera, Donald Bilnoski, Deborah L. Schubert, John D. Seigle

      3. Southern District

      4. 4:17-CV-00744

      5. Lee H. Rosenthal - Chief United States District Judge

      6. Still Pending

      7. Do not know

II. PLACE OF PRESENT CONFINEMENT: Le Blanc Unit, 3695 FM. 3514, Beaumont, Texas - 77705

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Anthony Ortiz #753367, Le Blanc Unit, 3695 FM 3514, Beaumont, Texas - 77705

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: University of Texas Medical Building, Employees' all medical personel on Pack 1 Unit, 301 University Blvd., Galveston, Texas - 77555-1207
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Stole money off my account and violated my Eighth Amendment Rights

Defendant #2: Norma Mason - Cluster Nurse Mana, Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868, She is employed by U.T.M.B.
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Stole money off my account and violated my Eighth Amendment Rights.

Defendant #3: NDI Chukwumerije - Nurse Practioner, She is employed by U.T.M.B. Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
She violated my Eighth Amendment Rights

Defendant #4: Oladade Sule - Nurse Practioner - She is employed by U.T.M.B. Pack 1 Unit, 2400 Wallace Pack Rd., Navasota, Texas - 77868
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
She violated my Eighth Amendment Rights.

Defendant #5: Texas Department of Criminal Justice (TDCJ) is the State Prison System, an agency of the State of Texas. Gov't Code § 493.004, BRIAN COLLIER. EX. DIRECTOR, HUNTSVILLE, 815 12th Street, Huntsville, Tx. - 77348
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
They stole money off my account and violated my Eighth Amendment Rights.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On July 24, 2017, I sent an I-60 to medical complaining of a heat rash. On July 26, 2017 I had a medical lay-in to see NDI Chukwumerije - Nurse Practioner. She did absolutely nothing for the heat rash. On July 27, 2016, I was laid in for the same heat rash to see Oladade Sule - Nurse Practioner. She did absolutely nothing. This happened in the Pack 1 Medical. Both nurses violated my Eighth Amendment Rights which are Cruel and Unusual Punishment because it was 105° in B-Pod on the Pack Unit and I acquired a heat rash which both nurses didn't do anything to help me. Norma Mason, University of Texas Medical Building and Texas Department of Criminal Justice knew of this so they are conspiring with both Nurse Practioners

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like for this court to grant my complaint.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Anthony Duncan, Anthony Ortiz

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

211978, 399154, and 753367

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

Continued from Page 4.

and violating my Eighth Amendment Rights. On the Step 1 grievance, D. Montgomery, UHA stated you were seen on 8-16-17. So UTMB and TDCJ stole $100 dollars off of my inmate trust fund. I never signed anything with my thumb print allowing them to steal my money. Now I wasn't even on the Pack Unit on 8-16-17. I was at Travis County, on 8-14-17. On Step 2 they stated I hadn't been seen by anyone prior to that meeting. I filed a grievance which I still have a copy of against Norma Mason, NDI Chukwumerije and Oladade Sule, dated 8-11-17 which I will send with this complaint which Amy Oliver, Pack 1 Grievance Coordinator never sent it back to me. Now on August 1, 2017 I saw the DMS which was my chronic care visit which you don't have to send an I-60 to get. They are using 8-7-16 as that visit which is also a lie.

    4. Have the sanctions been lifted or otherwise satisfied?    ____YES  ✓ NO

C. Has any court ever warned or notified you that sanctions could be imposed?   ____YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning was issued: _____

Executed on: 12-28-17
    DATE

*Anthony Ort #753367*

*Anthony Ortiz #753367*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this    28    day of December , 20 17 .
    (Day)     (month)     (year)

*Anthony Ort #753367*

*Anthony Ortiz #753367*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SERVICES DIVISION
Education Brochure

Date: November 22, 2017

Offender: Ortiz, Anthony

TDCJ-ID#753367

Facility: LeBlanc

Grievance#2018027340

Pursuant to State Law (Texas Government Code Section 501.014 and 501.063) the Texas Department of Criminal Justice shall charge offenders with a health care service fee for certain health services. Subsequently, Administrative Directive (A.D.) "Annual Health Care Service Fee for Offenders" was developed to meet these laws. **In accordance with these laws and A.D. 06.08, under no circumstance shall an offender be denied access to health care as a result of a failure or inability to make a co-payment.**

An offender confined in a facility operated by or under contract with the Texas Department of Criminal Justice, other than a halfway house, who initiates a visit (medical and/or dental) to a health care provider shall make a payment to the department in the amount of $100.00 unless the visit is specifically exempted in accordance with this directive or the offender has already paid $100.00 health care service fee within the last twelve months. **The health care service fee is applicable to an encounter with a clinician when a professional medical assessment/judgment is required and the visit was initiated by the offender. So an encounter may or may not necessitate the prescription of treatment or medication. The statue applies to all offenders regardless of the length of incarceration; no one is "grandfathered."**

A health care service charge shall not be assessed for a visit to a health care provider determined to be an:
1. Emergency
2. Follow up visit
3. Chronic care visit
4. Prenatal visit
5. Departmental initiated visit
6. Health screening and evaluation visit
7. Self-inflicted injuries
8. Physical evaluations required following use of force incidents
9. In-patient services
10. Court ordered procedures or testing
11. Mental health visits

The health care service fee applies to a twelve month period which begins on the day of the first offender initiated health care provider visit.

If an offender is being seen by a provider for services otherwise exempted from the health care service fee and during the course of the visit requests health care service related to a different condition (health care service fee eligible) than being served, the additional request shall be treated as an initial offender initiated visit and is subject to the health care service fee.

Another $100.00 health care service fee will not be charged to an offender's account until 365 days have passed since the previous health care service fee was charged and the offender initiates a visit to a health care provider.

There is a difference between a medical charge and a health care service fee deduction. When an offender is indigent, even though the deduction cannot be made, the charge is entered into the Trust Fund Database. The charge, or transaction, generates a Trust Fund Statement for the next statement period, similar to a monthly bank statement. Dependent upon the statement cycle, the offender will receive the statement either in the month following the charge or the subsequent month (4-6weeks). If you have enough money in your trust fund account to cover the health care service fee, it will be deducted. If you are indigent, the Trust Fund Database is set up to make a deduction of funds owed regardless of the time interval between charge and the availability of funds. Additionally, if you parole or go out of bench warrant and return years later or you receive a new Texas Department of Criminal Justice (TDCJ) number, the Trust Fund Database will still hold you accountable for money owed and deduct, as money is available.

**It is the responsibility of the offender to attempt informal resolution of any concern related to a contested health care service fee charge in a timely manner. The offenders monthly Trust Fund Statement identifies both the date of service and the date the account was charged with the code MF (Medical Fee). After review of the Trust Fund Statement, the offender will provide the dates of any contested charges and the rationale for which he/she believes that the charge is ineligible to the Manager of Health Service/Practice Manager/Clinical Administrator. The offender will be allowed a period of <u>NO More Than 90 Days</u> from the time of the original health care service fee charge to present this information. (As noted above you are provided a Trust Fund Statement after each charge and/or deduction (MP-Medical Payment), generally within 4-6 weeks).**

Step 2 Medical Grievance
OPS-EB19

11/16 cgh